FOURTH DEPARTMENT, JULY, 1987

(July 10, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SUZANNE E. BAYER, Respondent.—Order unanimously reversed on the law, motion denied and count one of indictment reinstated. Memorandum: It was error to dismiss count one of the indictment. The inclusion of the phrase "while under the influence of *alcohol or drugs*" (emphasis added) in both the accusatory and factual portions of that count does not require dismissal.

Count one reads as follows:

"THE GRAND JURY OF THE COUNTY OF MONROE, by this indictment, accuse the defendant, SUZANNE E. BAYER, of the crime of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs in violation of Section 1192, Subdivision 3 of the Vehicle and Traffic Law of the State of New York, committed as follows:

"The defendant, on or about October 18, 1985, in the County of Monroe, State of New York, while under the influence of alcohol or drugs, operated a motor vehicle upon a public highway, while in an intoxicated condition."

Vehicle and Traffic Law § 1192, entitled "Operating a motor vehicle while under the influence of alcohol or drugs", contains three subdivisions relating to alcohol (subds [1], [2], [3]) and one relating to drugs (subd [4]). Subdivision (3) prohibits operation of a motor vehicle while defendant "is in an intoxicated condition", but does not refer to a substance creating the condition. It is clear as a matter of law, however, that the subdivision is intended to apply only to intoxication caused by alcohol. That conclusion is buttressed by examining Vehicle and Traffic Law § 1196 (1) which permits conviction of a violation of subdivision (1), (2) or (3) of Vehicle and Traffic Law § 1192, notwithstanding that the charge laid before the court alleged a violation of subdivision (2) or (3), but does not permit conviction of a violation of subdivision (4). Addition-

ally, while a violation of either subdivision (3) or (4) of Vehicle and Traffic Law § 1192 is a misdemeanor, the elements of the two crimes differ. Proof that defendant was in an intoxicated condition is essential to a prosecution under subdivision (3), but is not required under subdivision (4). Thus, by alleging that defendant violated subdivision (3) of Vehicle and Traffic Law § 1192 in that defendant operated a motor vehicle "while in an intoxicated condition", count one of the indictment notified defendant of the crime of which she was accused, and apprised her of the conduct which was the subject of the accusation (CPL 200.50; *People v Iannone,* 45 NY2d 589). The count satisfies the statutory and constitutional mandates for a valid indictment.

To the extent that defendant relies upon the prosecutor's refusal to specify the theory of the People's case against defendant in response to defendant's demand for a bill of particulars, that reliance is misplaced. The issue presented is one of law, unaffected by the prosecutor's erroneous response. Defendant may not be convicted under count one of the indictment unless the People prove that defendant was in an intoxicated condition resulting from the influence of alcohol. (Appeal from order of Supreme Court, Monroe County, Doyle, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.