*745 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
During the court’s voir dire in this case, each member of three panels of prospective jurors orally answered a detailed biographical questionnaire, and when necessary and in response to questioning by the court, clarified those answers. The trial court, over defendant’s objection, then exercised its discretion by imposing a time limit of 15 minutes on each attorney’s voir dire in the first two rounds and 10 minutes for the third round. As a result of these time limits, defense counsel did not individually question some of the prospective jurors, although he was able to direct questions at each of the panels as a group. Although the court provided defense counsel with the opportunity, at a later time, to make a record of questions he claims he was unable to pose to the individual jurors, defense counsel never made such a record.
A trial court has broad discretion to restrict the scope of voir dire by counsel (People v Pepper, 59 NY2d 353, 358; People v Boulware, 29 NY2d 135, 140) and indeed must preclude repetitive or irrelevant questioning (CPL 270.15 [1] [c]). Any restrictions imposed on voir dire, however, must nevertheless afford defense counsel a fair opportunity to question prospective jurors about relevant matters (People v Boulware, 29 NY2d, at 140). The record before us does not support the conclusion that the trial court abused its discretion in this case or that the defendant was prejudiced by the court’s exercise of its discretion (id.; People v Pepper, 59 NY2d, at 358-359).
Under the circumstances of this case, defendant’s additional contention that the time limits imposed deprived him of his constitutional right to a fair and impartial jury is without merit (see, Rosales-Lopez v United States, 451 US 182, 189-190).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.