■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RAMPERSANT, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), entered April 12, 1990, convicting defendant, after jury trial, of grand larceny in the fourth degree (Penal Law § 155.30 [5]), and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 2 to 4 years, unanimously reversed, on the law, judgment vacated, and the matter remanded to Supreme Court for a new trial.

This case arose out of a chain-snatching incident which took place in the vicinity of Times Square. The voir dire involved the questioning of three panels of prospective jurors. Following inquiry by the court, both the prosecutor and defense counsel were allotted equal time to question the prospective jurors, ten minutes each for questioning the first panel and five minutes each for the second panel. The Trial Justice then permitted only one question each to be addressed to the third panel as a whole and did not allow questioning of any individual members of the panel. All of the prospective jurors remained present during the three rounds of questioning.

Article I, § 2 of the New York State Constitution reflects the principle that "[n]othing is more basic to the criminal process than the right of an accused to a trial by an impartial jury"

*(People v Branch,* 46 NY2d 645, 652). The voir dire protects the right to an unbiased jury by affording parties the opportunity to question prospective jurors *(People v Boulware,* 29 NY2d 135).

A trial court is vested with broad discretion to restrict the scope of the voir dire *(People v Jean,* 75 NY2d 744). The court has an interest in ensuring that this most time-consuming phase of a jury trial does not become unduly protracted *(People v Pepper,* 59 NY2d 353; *see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 270.15, at 475), and CPL 270.15 (1) (c) requires that the court supervise the voir dire to exclude questioning that is repetitious or irrelevant. The court may conduct its own inquiry of the prospective jurors *(see, People v Boulware, supra; see also, People v Jean, supra).* It is within the court's discretion to set time constraints for each round of a voir dire *(see, e.g., People v Jean, supra* [questioning limited to 15 minutes in the first two rounds and 10 minutes for the third round]; *People v Brown,* 131 AD2d 582 [second round limited to 15 minutes and third round limited to 10 minutes]; *People v Garrow,* 151 AD2d 877, *lv denied* 74 NY2d 948 [10 minutes in each of the first three rounds and three minutes in the fourth round]; *People v Davis,* 166 AD2d 453 [No. 46], *lv denied* 76 NY2d 985 [third round limited to 10 minutes]). It is accepted that, due to time constraints imposed by the court, counsel may not be able to question each juror individually *(see, People v Jean, supra).*

The exercise of the court's discretion to establish equal time limits for each attorney during voir dire is constrained by the requirement that each be given a fair opportunity to question jurors as to relevant and material matters which have not been previously explored *(People v Jean, supra).* The posing of a single question by the prosecutor and defense counsel, respectively, directed at the entire third panel cannot be construed as a fair opportunity to question the panel members regarding relevant matters not previously explored. Neither is the presence of the prospective jurors during each round of questioning nor their examination by the Trial Justice sufficient to overcome the foreclosed opportunity.

In view of our disposition, it is unnecessary to reach defendant's remaining contentions. Concur—Carro, J. P., Wallach, *Kassal* and Rubin, JJ.