■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Paul P. E. Bookson, J.), rendered May 2, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 8 to 16 years and 2 to 4 years, respectively, unanimously affirmed.

Evidence at trial overwhelmingly established that various members of a Street Narcotics Unit observed defendant playing a principal role in a drug trafficking enterprise operating in and about Manhattan's DeWitt Clinton Park.

Contrary to defendant's claim on appeal, the trial court

properly denied defendant's speedy trial motion. The time periods properly chargeable to the People are as follows:

October 15, 1989 through November 28, 1989 (44 days), representing the time between the filing of the felony complaint and arraignment on the indictment *(People v Correa,* 161 AD2d 391, *affd* 77 NY2d 930).

November 29, 1989 through December 15, 1989 (17 days), as conceded by the People.

February 24, 1990 through March 22, 1990 (27 days), as conceded by the People.

October 11, 1990 through October 22, 1990 (12 days), as the People had not yet answered ready, and at this point all of the co-indictees had entered guilty pleas. In this connection, it is noted that the adjournment period from June 12, 1990 through October 10, 1990 was properly excludable as occasioned by plea negotiations involving the co-indictees, without any good cause severance application by defendant (CPL 30.30 [4] [d]).

October 23, 1990 through October 25, 1990 (3 days), as conceded by the People.

November 27, 1990 through January 7, 1991 (42 days), as conceded by the People.

Thus, as the total time chargeable to the People is 145 days, defendant's speedy trial motion was properly denied.

Defendant's claim that the trial court's time limitation on *voir dire* questioning by the prosecutor and defense counsel constituted an abuse of discretion and resulted in prejudice to the defendant is unsupported by the record. Although the trial court initially stated that questioning by each side would be limited to seven minutes per round, the record indicates that, in fact, nine and one-half minutes were allowed on each of two rounds, and eleven minutes were allowed on the third round. In addition, as defendant conceded, the trial court initially conducted a "quite thorough" *voir dire* of the venirepersons, including questioning regarding personal and employment backgrounds, affiliations with law enforcement personnel, experiences with crime or the criminal justice system, and ability to render a fair and impartial verdict based upon their factual findings. Contrary to defendant's specific claim that the trial court's time limits prevented questioning regarding defendant's right not to testify and possible bias in favor of police testimony, the record indicates that defense counsel not only received ample opportunity to pose appropriate questions on these issues, but did so. In these circumstances, it is clear

that the trial court properly exercised its discretion in setting a time limitation on *voir dire* questioning by the prosecutor and defense counsel, and afforded defense counsel a fair opportunity to question the venirepersons regarding relevant matters *(see, e.g., People v Jean,* 75 NY2d 744).

We have considered defendant's additional arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.