(July 30, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BROWN, Appellant.—Judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 1, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 5 to 10 years, reversed, on the law, and the matter remanded for a new trial before a different Judge.

This case presents an issue regarding the sufficiency of the voir dire conducted during jury selection. On the second day of jury selection, defense counsel made a lengthy application resulting in the dismissal of jurors empanelled that morning as the result of concerns expressed about the court's pronouncements on controlling law and phrasing of questions put to the jury, effectively curtailing certain lines of inquiry with respect to potential juror bias. A motion was made by the Assistant District Attorney and defense counsel seeking the court's recusal, which was denied.

From the limited record of the voir dire transcribed at the request of defense counsel, it appears that the court precluded inquiry by defendant's attorney and deterred any response to the questions counsel was permitted to pose. We recently had occasion to review the principles governing the conduct of the voir dire and its supervision by the court in *People v Rampersant* (182 AD2d 373), and we note that the concerns expressed in that determination are applicable here *(see also, People v Torres,* 182 AD2d 461). Concur—Murphy, P. J., Ellerin, Ross and Rubin, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The court in questioning and impanelling the jury spent two days and 336 pages of transcript. The ADA and defense counsel were allowed only a limited number of questions, many of which the court excluded as being repetitive or improper.

We have recently determined in *People v Rodriguez* (184 AD2d 317), that a trial court properly exercised its discretion with respect to voir dire.

This court should not be interfering in the proper exercise of the trial court's supervision over its courtroom operation.