■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ELLIS, Appellant. [608 NYS2d 652] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered June 15, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's argument that he was deprived of a fair trial by the time limitations the court placed on the voir dire and its disallowance of certain specific questions posed thereat is unpreserved for appellate review as a matter of law, no objection thereto having been made, and we decline to reach it in the interest of justice. If we were to reach the merits of this claim, we would find that the court did not abuse its broad discretion to restrict the scope of voir dire by counsel and preclude repetitive or irrelevant questioning *(see, People v Jean,* 75 NY2d 744, 745).

A prosecutor has broad latitude in summation, particularly in responding to the defense counsel's summation *(People v Galloway,* 54 NY2d 396). The prosecutor's summation was based on the evidence adduced and was a fair response to defense attacks on the credibility and veracity of the People's witness. Any errors were cured by prompt instructions by the

court, which the jurors are presumed to have followed *(People v Davis,* 58 NY2d 1102, 1104).

Defendant's identity as the man who had just sold two glassines of heroin to the undercover officer was established beyond a reasonable doubt. The officer provided a highly detailed description of defendant to his back-up team that accurately identified defendant's sex, race, height, weight, age, facial hair and clothing.

Defendant's claims of appellate delay are rejected since we find the greater part of the delay attributable to him.

We have considered defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.