■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO ROSADO, Appellant. [610 NYS2d 1] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 13, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second

felony offender, to a term of 10 to 20 years, unanimously affirmed.

The record does not support the conclusion that defendant was prejudiced by the trial court exercising discretion in imposing a time limit on each attorney's examination of the third panel of prospective jurors (see, People v Jean, 75 NY2d 744). Defendant's argument that he was denied a fair trial when the trial court, although not requested by defendant to do so, told prospective jurors that "no inference" was to be drawn in the event defendant did not testify is not preserved for review as a matter of law, no timely objection thereto having been made (People v Autry, 75 NY2d 836). Were we to review the issue in the interest of justice, we would find that any error in this regard was harmless in view of the overwhelming evidence of defendant's guilt (People v Koberstein, 66 NY2d 989). Nor do we find any merit to defendant's argument that the court's Sandoval ruling, which permitted inquiry into the underlying facts of two drug convictions, as well as defendant's conviction for a misdemeanor, without inquiry into the underlying facts thereof, did not appropriately weigh the probative worth of that evidence against the risk of unfair prejudice or was otherwise an abuse of discretion (see, People v Grice, 177 AD2d 271, 272, lv denied 79 NY2d 857). Concur—Sullivan, J. P., Wallach, Ross, Asch and Tom, JJ.