■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RODRIGUEZ, Appellant. [659 NYS2d 495] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 31, 1995, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the trial court has broad discretion in restricting the scope of voir dire by counsel *(see, People v Jean,* 75 NY2d 744; *People v Boulware,* 29 NY2d 135; *People v Mendoza,* 191 AD2d 648). Moreover, "[a]lthough counsel has a right to inquire as to the qualifications of the veniremen and their prejudices so as to provide a foundation for a challenge for cause or a peremptory challenge * * * it is well settled that it is simply not the province of counsel to question prospective jurors as to their attitudes or knowledge of matters of law" *(People v Boulware, supra,* at 141). Accordingly, contrary to the defendant's contention, the trial court properly precluded the defendant from questioning prospective jurors concerning the doctrine of self-defense.

The defendant's challenge to the prosecutor's cross-examination of his codefendant regarding her alleged previous suicide attempt is unpreserved for appellate review, inasmuch as the specific argument which the defendant currently raises was not advanced at trial (see, CPL 470.05 [2]; *People v Hatchett*, 225 AD2d 634). In any event, the contention is without merit. The questioning was relevant, since it bore directly on the issue of whether the scar on the codefendant's arm was self-inflicted or, as the defendants maintained, resulted from an attack by the complaining witness. Moreover, there was a good faith basis for the limited inquiry, as it was premised on the contents of a confidential drug treatment record which was not placed in evidence and which the prosecution had lawfully obtained pursuant to a judicial subpoena (see, 42 USC § 290dd-2 [b] [2] [C]; *see generally, People v Brailsford*, 106 AD2d 648). Miller, J. P., Sullivan, Joy and Altman, JJ., concur.