(November 26, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. JACKSON, Appellant. [665 NYS2d 968] —Mercure, J. Appeals (1) from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 16, 1994, upon a verdict convicting defendant of the crimes of murder in the second degree and manslaughter in the first degree, and (2) by permission, from an order of said court, entered January 16, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After Colleen Muma broke off her relationship with defendant, she began seeing Scott Hume. On August 14, 1994, defendant went to Muma's apartment in the Village of Dryden, Tompkins County. Carrying a kitchen knife, defendant walked through the unlocked entry door, encountered Hume and stabbed him through the heart, causing his death. The act was witnessed by Muma's roommate. An indictment charged defendant with various counts of murder in the second degree, assault in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree. At the ensuing trial, defendant was convicted of murder in the second degree (felony murder) and manslaughter in the first degree and sentenced to concurrent prison terms aggregating 15 years to life. Defendant now appeals the judgment of conviction and, by permission, the denial of his subsequent CPL article 440 motion to vacate the conviction on the ground of ineffective assistance of trial counsel.

There should be an affirmance. Initially, we reject the contention that defendant's physician-patient privilege was violated when the People were permitted to cross-examine him concerning statements he made to examining psychiatrists and psychologists. It is settled law that when a criminal defendant interposes the affirmative defense of lack of criminal responsibility by reason of mental disease or defect (CPL 60.55 [2]) or,

in fact, in any case "when a patient puts in issue the condition for which he was examined by a physician" (*People v Wilkins*, 65 NY2d 172, 176), he or she waives the physician-patient privilege with respect to the facts upon which the physician's opinion is based (*id.*; *see, People v Al-Kanani*, 33 NY2d 260, 264, *cert denied* 417 US 916; *Matter of Lee v County Ct.*, 27 NY2d 432, 441-442, *cert denied* 404 US 823; *People v Cruickshank*, 105 AD2d 325, 330-331, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625 [defenses of justification and extreme emotional disturbance]). In no event, however, will the waiver extend beyond the issue of the defense, and the prosecution may not use psychiatric evidence as a means of proving guilt (*see, People v Wilkins, supra*; *Matter of Lee v County Ct., supra*, at 441-442).

In this case, defendant raised the affirmative defense of lack of criminal responsibility by reason of mental disease or defect and, also, in connection with the charge of murder in the second degree, the affirmative defense of extreme emotional disturbance (*see,* Penal Law § 125.25 [1] [a]). Under the controlling law, as set forth above, the People were authorized to utilize defendant's statements to examining mental health professionals in an effort to disprove either of those defenses. In our view, all of the questions referenced in defendant's brief, even those characterized as the prosecution's "most egregious" misuse of his statements, fell within the permissible range. Notably, questions concerning the intent that defendant had formed at the time he entered Muma's apartment had a direct bearing on the issue of his mental state and the validity of his affirmative defenses.

Briefly addressing some of defendant's additional contentions, it is our view that County Court acted within its broad discretion in limiting the parties' voir dire to 10 minutes per round (*see, People v Jean*, 75 NY2d 744, 745; *People v Pepper*, 59 NY2d 353, 358-359; *People v Dart*, 186 AD2d 905, 907, *lv denied* 81 NY2d 787; *People v Moore*, 155 AD2d 725, 726, *lv denied* 75 NY2d 773; *People v Garrow*, 151 AD2d 877, *lv denied* 74 NY2d 948). Notably, there is no evidence that the jurors selected were not impartial (*see, People v Pepper, supra*, at 359; *People v Dart, supra*, at 907). We are similarly unpersuaded that County Court placed an arbitrary time limitation on defendant's summation. Finally, we conclude that, "viewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147), defendant received effective assistance of counsel.

Defendant's remaining contentions have been considered and found to be unavailing.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed.