■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WHEELER, Appellant. [701 NYS2d 442] —Appeal by the defendant from a judgment of the County Court, Westchester County (Dillon, J.), rendered October 8, 1997, convicting him of assault in the second degree, upon a jury verdict, sentencing him to a determinate term of seven years imprisonment, and issuing an order of protection to remain in effect until October 8, 2009.

Ordered that the judgment is modified, on the law, by delet-

ing the provision in the order of protection which provided that it shall remain in effect until October 8, 2009, and substituting therefor a provision providing that the order of protection shall remain in effect until October 8, 2007; as so modified, the judgment is affirmed.

It is well settled that the court may set time limits on each attorney's voir dire of a panel of prospective jurors as long as a fair opportunity to ask relevant and material questions is provided (*see, People v Jean,* 75 NY2d 744; *People v Jackson,* 244 AD2d 757; *People v Augustine,* 235 AD2d 915; *People v Rosado,* 202 AD2d 321). A review of the record establishes that prospective jurors responded to the court's questionnaire and that the court followed up with relevant questions when necessary. Since the court did not require that the prospective jurors be questioned in the order in which they were questioned by the court, there is no merit to the defendant's claim that he was denied an opportunity to question a prospective juror with regard to her experience as a crime victim 20 years earlier when his time for questioning ran out before that juror was questioned (*see, People v Jean, supra; People v Augustine, supra*).

The uncontradicted testimony established that the defendant repeatedly punched the victim in the face and that she, *inter alia,* suffered a broken nose, had two of her teeth knocked out and a third pushed into her gums, and was rendered unconscious. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Crawford,* 200 AD2d 683; *Matter of Patrick W.,* 166 AD2d 652). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Upon our review of that portion of the judgment of conviction in which the court imposed an order of protection (*see, People v Hernandez,* 93 NY2d 261), we find that although the court did not improvidently exercise its discretion in signing such an order of protection, it erred in setting the expiration date of that order 12 years after the conviction. Since the defendant was sentenced to a determinate sentence of seven years, the maximum duration of the order of protection was 10 years (*see,* CPL 530.13 [4]).

The term of imprisonment imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either without

merit or do not warrant reversal. Santucci, J. P., S. Miller, Krausman and Florio, JJ., concur.