(June 19, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT BYRD, Appellant. [728 NYS2d 134] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered June 25, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable limitations on defendant's questioning of prospective jurors during voir dire (*People v Boulware,* 29 NY2d 135, 140, *cert denied* 405 US 995). Defendant was not prevented from pursuing any substantively relevant lines of inquiry (*compare, People v Porter,* 226 AD2d 275). The precluded inquiries were generally improper in form (*see, People v Hernandez,* 276 AD2d 274, *lv denied* 95 NY2d 964), particularly when they constituted open-ended invitations to the panelists to relate anecdotes, factual information and opinions concerning their attitudes towards drug trafficking and law enforcement.

The court properly precluded impeachment of two police witnesses concerning their omission of certain facts from their testimony before the Grand Jury and at the first trial in this case, since defendant failed to lay a proper foundation for such impeachment (*see, People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Ortiz,* 250 AD2d 372, *lv denied* 92 NY2d 881). The present appellate record fails to establish that the omissions here fell within the category of "unnatural" omissions admissible under *People v Savage* (50 NY2d 673).

To the extent that defendant is raising constitutional claims with respect to the above issues, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.