■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RAGO, Appellant. [806 NYS2d 41]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 23, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and fifth degrees and two counts of criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of 6 years to life, 2 to 6 years, one year and one year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence. Defendant's constructive possession of a significant amount of narcotics found within a sleeper car room on an Amtrak train was established beyond a reasonable doubt. Defendant occupied the room from the point when he and his companion boarded the train in Chicago for the trip to New York. Although the two men inadvertently failed to get back on the train when it stopped in Philadelphia, defendant tried reclaiming his luggage when the train arrived in New York, and ultimately admitted possessing some of the contraband (*see People v Roque*, 99 NY2d 50, 54 [2002]). Even assuming that at the point defendant missed the train Amtrak became a gratuitous bailee of the luggage and its contents (*see People v Wilson*, 93 NY2d 222, 225 [1999]; *Foulke v New York Consol. R.R. Co.*, 228 NY 269, 275 [1920]), Amtrak exercised control on defendant's behalf, while defendant retained, and tried to exercise, the right to reclaim. We conclude that these circumstances established a degree of control by defendant that constituted constructive possession (*see People v Manini*, 79 NY2d 561, 574-575 [1992]; *People v Tirado*, 47 AD2d 193, 195 [1975], *affd on op below* 38 NY2d 955 [1976]). We have considered and rejected defendant's remaining arguments on this issue.

The court properly declined to provide a circumstantial evidence charge. Defendant's possession of the contraband was established, in part, by direct evidence, including his admission to possessing some of it (*People v Daddona*, 81 NY2d 990 [1993]; *People v Rumble*, 45 NY2d 879 [1978]; *compare People v Brian*, 84 NY2d 887 [1994]).

Defendant correctly argues that the court's transmission of certain messages, as agreed upon by counsel, to the deliberating jury in response to its notes by way of a court officer was an improper delegation of judicial authority (*People v Torres*, 72 NY2d 1007 [1988]; *People v Ahmed*, 66 NY2d 307 [1985]). The content of the communication, however, was agreed to by counsel and there is no basis for speculating that the brief and uncomplicated message was inaccurately transmitted. Even now defendant is unable to point to any remotely persuasive pos-

sibility of prejudice. Accordingly, the court's error was de minimis and does not warrant reversal (see CPL 470.05 [1] ["An appellate court must determine an appeal without regard to technical errors or defects which do not affect the substantial rights of the parties"]; cf. People v Morales, 80 NY2d 450, 457 n 2 [1992] ["Of course, a de minimis violation of the absolute right to be present at trial would not necessarily result in reversal"]). Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.