■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN SALLEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Appellant. [808 NYS2d 664]—

Judgments, Supreme Court, New York County (Carol Berkman, J.), rendered July 29, 2002, convicting each defendant, after a jury trial, of murder in the second degree (three counts), robbery in the first degree, robbery in the second degree (three counts) and criminal possession of a weapon in the second and third degrees, and sentencing each defendant to an aggregate term of 120 years to life, and order, same court and Justice, entered on or about March 25, 2005, which denied defendant Salley's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendants' motions to suppress the statements they provided to the police. Each defendant's

statement was voluntary and not the product of improper influence or coercion (*see Arizona v Fulminante*, 499 US 279, 285-288 [1991]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]). Although Salley sustained a dog bite during his arrest, he received appropriate treatment prior to making his statement and there is no evidence that the injury affected the statement's voluntariness (*see People v Goode*, 270 AD2d 144 [2000], *lv denied* 95 NY2d 835 [2000]). Although Smith was subjected to a lengthy interrogation, there were several breaks for rest and food. The delay in Smith's arraignment, which was attributable to the ongoing investigation, did not affect the voluntariness of his statement (*see People v Ramos*, 99 NY2d 27, 35 [2002]). We have considered and rejected defendants' other suppression arguments, including their allegations that the police made improper comments that undermined the voluntariness of the statements (*see People v Tarsia*, 50 NY2d 1, 11 [1980]; *People v Stokes*, 233 AD2d 194 [1996], *lv denied* 89 NY2d 1101 [1997]).

At this joint trial before two separate juries, the jury for each defendant heard that defendant's statements only. Although Salley offered to waive his right of confrontation, the court properly exercised its discretion when it precluded him from introducing, before his own jury, Smith's statements to the police and evidence of Smith's prior robbery conviction. The court properly concluded that none of this evidence was relevant to Salley's defense of duress (*see People v Aska*, 91 NY2d 979, 981 [1998]; *People v Scarola*, 71 NY2d 769, 777 [1988]). Salley received ample opportunity to present his affirmative defense that Smith forced him to participate in the crime, and the court's ruling did not deprive Salley of a fair trial or the right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). In any event, were we to find any error in the court's ruling, we would find it to be harmless beyond a reasonable doubt in view of the overwhelming evidence establishing Salley's guilt and refuting his duress defense.

During deliberations, Salley's jury sent a note requesting the court to provide written instructions on the crimes charged and the defense of duress. The record, while unclear with respect to whether Salley was present, shows that the court discussed the matter with the attorneys and then gave the written instructions to a court officer to deliver to the jury. Even assuming that Salley was not present for the discussions between the court and the attorneys, Salley's presence was not required as the conference involved a purely legal discussion at which Salley's attorney agreed to provide the jury with the court's instructions in written form (*see People v Harris*, 76 NY2d 810 [1990];

*People v Cowan*, 169 AD2d 670 [1991], *lv denied* 78 NY2d 964 [1991]; *see also Snyder v Massachusetts*, 291 US 97, 107-108 [1934]). Furthermore, Salley's rights were not infringed by the court officer's ministerial act of bringing the agreed-upon written instructions to the jury (*see People v Bonaparte*, 78 NY2d 26, 30-31 [1991]; *see also People v Rago,* 24 AD3d 210 [2005]). Accordingly, we find it unnecessary to develop the record further, either by way of a reconstruction proceeding or a hearing on Salley's CPL 440.10 motion, as to his presence or absence from the discussion at issue.

Salley's challenge to the court's charge on the affirmative defense of duress is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's charge conveyed the appropriate legal principles (*see* Penal Law § 40.00 [1]).

Since he generally acquiesced in the court's rulings and did nothing to specify the restrictions to which he objected, Smith failed to preserve his claim that the court unduly restricted his voir dire of prospective jurors, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in imposing reasonable limits (*see People v Jean*, 75 NY2d 744 [1989]; *People v Boulware*, 29 NY2d 135, 140 [1971], *cert denied* 405 US 995 [1972]). Smith was afforded an ample opportunity to explore the panelists' abilities to be impartial and to follow the court's instructions. The precluded inquiries were improper in form, consisted of hypothetical factual scenarios, invited premature deliberations and concerned the jurors' knowledge of the law (*see People v Byrd*, 284 AD2d 201 [2001], *lv denied* 97 NY2d 679 [2001]; *People v Davis*, 248 AD2d 281 [1998], *lv denied* 91 NY2d 1006 [1998]).

We perceive no basis for reducing Smith's sentence. Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.