■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN STEWARD, Appellant. [898 NYS2d 450]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 26, 2007, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The verdict not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony.

The court properly allowed testimony by the victims identifying defendant as a person depicted in surveillance videos. This testimony was likely to aid the jurors in determining whether defendant was in fact shown in the video, as there was evidence that defendant had changed his appearance after the crime by altering his hairstyle (*see People v Russell*, 79 NY2d 1024 [1992]; *People v Rivera*, 259 AD2d 316 [1999]). Defendant's related argument concerning a detective's testimony is without merit.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]).

The record refutes defendant's claim that he received inadequate time to question the panelists about his right not to testify

at trial and the principle of accomplice liability. In this regard we note the court's own extensive preliminary examination covering these matters. Accordingly, the court did not abuse its discretion in imposing a time limit on initial voir dire questioning by the prosecutor and defense counsel (*see People v Jean*, 75 NY2d 744 [1989]; *People v Rodriguez*, 184 AD2d 317, 318-319 [1992], *lv denied* 80 NY2d 909 [1992]). Concur—Tom, J.P., Saxe, Friedman, Nardelli and Catterson, JJ.