■ The People of the State of New York, Respondent, v Ronnie Wright, Appellant. [908 NYS2d 707]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered January 29, 2008, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he is entitled to a new trial because a witness's identification of him as the shooter was improperly bolstered by the witness's identification of uncharged accomplices is not preserved for appellate review (*see* CPL 470.05 [2]). We decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]).

The defendant contends that he was deprived of a fair trial when (1) the prosecutor made an application for a material witness order outside of his presence, but in the presence of defense counsel, (2) the trial court permitted the defense to present witnesses before the prosecution rested, although the prosecution did not call any new witnesses before resting, (3) the trial court gave a standard preliminary jury instruction during voir dire to prospective jurors, and (4) the prosecution remarked during the opening statement that a number of people were outside of a building at the time of the subject shooting. None of these contentions is preserved for appellate review and we decline to review them in the exercise our interest of justice jurisdiction (*see* CPL 470.15).

With regard to the defendant's contention that his trial counsel was ineffective for failing to request a missing witness charge, there is no evidence that any of the purported witnesses had any material knowledge about the shooting, would have given noncumulative testimony favorable to the prosecution, or were under the control of the prosecution (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Kitching*, 78 NY2d 532, 536 [1991]; *People v Gonzalez*, 68 NY2d 424 [1986]). Consequently, such a charge would have been inappropriate under the circumstances and, thus, the failure to request this charge did not deprive the defendant of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.