██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROBINSON, Appellant. [973 NYS2d 570]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered February 17, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review two orders of protection issued at the time of sentencing.

Ordered that upon the appeal from the judgment, the two orders of protection issued at the time of sentencing are vacated; and it is further,

Ordered that the judgment is affirmed.

The trial court has broad discretion in restricting the scope of voir dire by counsel (*see People v Jean*, 75 NY2d 744, 745 [1989]; *People v Rodriguez*, 240 AD2d 683, 683 [1997]), and "[a] restriction on the time allotted for voir dire is generally permissible where defense counsel is 'afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters' " (*People v Littlejohn*, 92 AD3d 898, 899 [2012], quoting *People v Jean*, 75 NY2d at 745). Moreover, while "counsel has a right to inquire as to the qualifications of the veniremen [and venirewomen] and their prejudices so as to provide a foundation for a challenge for cause or a peremptory challenge, . . . it is simply not the province of counsel to question prospective jurors as to their attitudes or knowledge of matters of law" (*People v Boulware*, 29 NY2d 135, 141 [1971], *cert denied* 405 US 995 [1972] [citation omitted]). Here, contrary to the defendant's contention, the record demonstrates that the County Court providently exercised its discretion in connection with the conduct of the voir dire process (*see People v Jean*, 75 NY2d at 745; *People v Littlejohn*, 92 AD3d at 898-899; *People v Thompson*, 45 AD3d 876, 877 [2007]; *People v Rodriguez*, 240 AD2d at 683).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

However, under the particular circumstances of this case, the County Court improperly issued orders of protection in favor of two witnesses who testified on behalf of the People at trial (*see* CPL 530.13 [4]). Accordingly, we vacate those orders of protection. Eng, P.J., Balkin, Lott and Roman, JJ., concur.