■ The People of the State of New York, Respondent, v Noel Santiago, Appellant. [985 NYS2d 153]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 14, 2010, convicting him of rape in the first degree, criminal sexual act in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"A trial court has broad discretion to restrict the scope of voir dire by counsel" (*People v Jean*, 75 NY2d 744, 745 [1989]; *see People v Rodriguez*, 240 AD2d 683 [1997]), and "[a] restriction on the time allotted for voir dire is generally permissible where defense counsel is 'afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters' " (*People v Littlejohn*, 92 AD3d 898, 899 [2012], quoting *People v Jean*, 75 NY2d at 745; *see People v Wheeler*, 268 AD2d 448, 449 [2000]). Where trial courts intend to impose a specific time limitation on voir dire, they should be "willing to reconsider the propriety of that restriction if a party raises a legitimate concern once jury selection is underway" (*People v Steward*, 17 NY3d 104, 112 [2011]). Here, despite the defendant's request to extend the trial court's

20-minute time limitation on the first round of voir dire, the court did not improvidently exercise its discretion in denying that request under the circumstances (*see id.* at 110-111; *People v Jean,* 75 NY2d at 745).

It was inappropriate for the prosecutor, during voir dire of the prospective jurors, to seek to elicit a prospective juror's professional opinion based upon his extensive experience in law enforcement as a special agent with the FBI regarding whether people prefer to commit crimes at times when they are less likely to be observed. Evidence of criminal tendencies of this nature was not introduced at the trial. In addition, the prosecutor apparently highlighted the potential juror's status as a former FBI agent when addressing him during voir dire in order to potentially influence the other venire persons (*see People v Davis,* 86 AD3d 59, 65 [2011]; *People v Salley,* 25 AD3d 473, 475 [2006]; *People v Byrd,* 284 AD2d 201 [2001]). Nonetheless, the essentially common sense proposition that people who commit crimes prefer to do so inconspicuously so as to evade apprehension could not have caused any prejudice to the defendant requiring reversal (*see People v Guay,* 72 AD3d 1201, 1203 [2010], *affd* 18 NY3d 16 [2011]; *People v Green,* 3 AD3d 428, 429 [2004]).

The defendant's contention that the Supreme Court's procedure for handling certain jury notes violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see People v Ramirez,* 15 NY3d 824, 825-826 [2010]; *People v Walston,* 101 AD3d 1156, 1157-1158 [2012], *lv granted* 21 NY3d 915 [2013]; *People v Alcide,* 95 AD3d 897, 898 [2012], *affd* 21 NY3d 687 [2013]), and we decline to reach the contention in the exercise of our interest of justice jurisdiction. Since the jury merely requested read-backs of certain trial testimony, trial exhibits, and read-backs from the court's charge, the alleged errors did not constitute mode of proceedings errors which would obviate the preservation requirement (*see People v Stocks,* 101 AD3d 1049, 1051 [2012]; *People v Alcide,* 95 AD3d at 898; *People v Bryant,* 82 AD3d 1114 [2011]). Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.