# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1257**
**KA 15-01581**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAWN A. MULCAHEY, DEFENDANT-APPELLANT.

---

SALVATORE F. LANZA, FULTON, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (ALLISON O'NEILL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered June 22, 2015. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]). Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that County Court erred in allowing the People to present evidence of certain behavior by defendant while he committed the charged crime. That evidence was relevant to establish that defendant acted for the purpose of gratifying his sexual desire, which is an element of course of sexual conduct against a child in the second degree (*see* Penal Law §§ 130.00 [3], [10]; 130.80 [1] [b]), and the prosecutor was "not required to include in the bill of particulars matters of evidence relating to how the [P]eople intend to prove the elements of the offense charged" (CPL 200.95 [1] [a]).

We also reject defendant's contention that the court abused its discretion in limiting defense counsel's questioning of prospective jurors concerning prior criminal defense matters in which he was involved, inasmuch as the court "must preclude repetitive or irrelevant questioning" during voir dire (*People v Jean*, 75 NY2d 744, 745; *see People v Steward*, 17 NY3d 104, 110). Defendant failed to preserve for our review his contention that he was prejudiced by the

court's facial expression during cross-examination of a prosecution witness.  Defendant made no further objection after the court granted his request for a curative instruction, and the curative instruction is therefore "deemed to have corrected the [alleged] error to . . . defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944).

Entered:  December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court