■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON COWELL, Appellant. [51 NYS3d 193]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gerald, J.), rendered December 12, 2012, convicting him of burglary in the second degree (two counts), criminal mischief in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence supporting his convictions of burglary in the second degree was legally insufficient. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel based on his attorney's failure to request a missing witness charge for two police officers who did not testify at trial is without merit. Since there is no evidence

that the uncalled witnesses would have provided noncumulative testimony (*see People v Samaroo*, 137 AD3d 1308 [2016]; *People v Wright*, 77 AD3d 691, 691 [2010]), such a charge would have been inappropriate under the circumstances. Thus, the failure to request this charge did not deprive the defendant of the effective assistance of counsel (*see People v Salton*, 74 AD3d 997, 998 [2010]).

The defendant's contention that the trial court's handling of certain jury notes violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ramirez*, 15 NY3d 824, 826 [2010]; *People v Bedeau*, 129 AD3d 853 [2015]; *People v Santiago*, 117 AD3d 759, 760 [2014]). Further, the alleged failure to comply with the *O'Rama* procedure did not constitute a mode of proceedings error which would obviate the preservation requirement (*see People v Mack*, 27 NY3d 534, 539 [2016]; *People v Deokoro*, 137 AD3d 1297, 1298 [2016]; *People v Santiago*, 117 AD3d at 760; *People v Gerrara*, 88 AD3d 811, 812 [2011]). In any event, the contention does not require reversal.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.