People v Randolph (2019 NY Slip Op 01431)





People v Randolph


2019 NY Slip Op 01431


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-10882
2016-10883
 (Ind. No. 1043/16, S.C.I. No. 1517/16)

[*1]The People of the State of New York, respondent,
v
Jordan Randolph, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (John J. Toomey, J.), both rendered September 28, 2016, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), under Indictment No. 1043/16, and criminal possession of a forged instrument in the third degree, under Superior Court Information No. 1517/16, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), with respect to the appeal from the judgment rendered under Superior Court Information No. 1517/16, in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgments are affirmed.
By Indictment No. 1043/16 the defendant was charged with driving while intoxicated, as a felony, and by Superior Court Information No. 1517/16, the defendant was charged with criminal possession of a forged instrument in the third degree. The defendant entered pleas of guilty to both crimes charged. As part of the plea agreement, the defendant orally waived his right to appeal from both judgments and executed two written waivers of his right to appeal. The court sentenced the defendant in accordance with the plea agreement. The defendant appeals.
The defendant's contention that Indictment No. 1043/16 was jurisdictionally defective because it failed to allege every material element of the offense charged is not foreclosed by the defendant's waiver of the right to appeal (see People v Zanghi, 79 NY2d 815, 817; People v Nemnom, 123 AD3d 740, 741; People v Edwards, 39 AD3d 875, 876), nor, contrary to the People's contention, must such a claim be preserved for appellate review (see People v Edwards, 39 AD3d 875, 876-877; People v Chata, 8 AD3d 674, 675; People v Newell, 95 AD2d 815). However, contrary to the defendant's contention, Indictment No. 1043/16 was not jurisdictionally defective. By alleging that the defendant committed the crime of driving while intoxicated, as a class E felony, in that he unlawfully operated a motor vehicle upon a public highway while in an intoxicated condition on May 27, 2016, the defendant was notified of the crime of which he was accused and apprised of the conduct that was the subject of the accusation (see CPL 200.50; Vehicle and Traffic Law § 1192[3]; People v Iannone, 45 NY2d 589, 598; People v Bayer, 132 AD2d 920, 921).
The defendant's valid appeal waiver with respect to the judgment rendered under Indictment No. 1043/16 (see People v Sanders, 25 NY3d 337, 341; People v Ramos, 7 NY3d 737, [*2]738; People v Lopez, 6 NY3d 248, 257), precludes appellate review of his challenge to the factual sufficiency of his plea allocution to driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3) (see People v Hicks, 134 AD3d 854; People v Hyland, 123 AD3d 736, 737; People v King, 115 AD3d 986, 987).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel with respect to the judgment rendered under Indictment No. 1043/16, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Upson, 134 AD3d 1058; People v Haywood, 122 AD3d 769, 769-770; People v Young, 97 AD3d 771). To the extent that the defendant's claim of ineffective assistance of counsel does relate to the voluntariness of his plea, the defendant was provided with meaningful representation (see People v Caban, 5 NY3d 143, 152; People v Henry, 95 NY2d 563, 566; People v Benevento, 91 NY2d 708, 712; People v Ford, 86 NY2d 397, 404; People v Baldi, 54 NY2d 137, 147), and to the extent that the defendant bases his ineffective assistance claim on the failure of defense counsel to make a certain application, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success'" (People v Caban, 5 NY3d 143, 152, quoting People v Stultz, 2 NY3d 277, 287; see People v Cowell, 149 AD3d 866, 867; People v Deal, 115 AD3d 975, 976; People v Salton, 74 AD3d 997, 998)
With respect to the appeal from the judgment rendered under Superior Court Information No. 1517/16, we are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues that could be raised on the appeal from that judgment. Counsel's application for leave to withdraw as counsel is, therefore, granted (see id.; Matter of Giovani S. [Jasmin A.], 89 AD3d 252; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court