People v Trowell (2019 NY Slip Op 03825)





People v Trowell


2019 NY Slip Op 03825


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-12778
 (Ind. No. 2344/14)

[*1]The People of the State of New York, respondent,
v
Gregory Trowell, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered November 17, 2016, convicting him of grand larceny in the fourth degree (two counts) and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of grand larceny in the fourth degree (two counts) and petit larceny arising out of the theft of the complainant's wallet from her workplace at a salon in Queens. At trial, the People introduced into evidence surveillance video footage and still images made from that footage allegedly depicting the defendant during the incident.
The Supreme Court did not improvidently exercise its discretion in admitting the surveillance video footage and the still images, as the People presented sufficient evidence that the video footage accurately represented the events depicted (see People v Patterson, 93 NY2d 80, 84; People v Wells, 161 AD3d 1200; People v Smith, 159 AD3d 597, 598).
The Supreme Court did not improvidently exercise its discretion in permitting a police detective to testify that, in his opinion, the defendant was the individual depicted in the surveillance video. The People presented evidence that the detective was familiar with the defendant based on numerous prior interactions with him over several years, and that the defendant's appearance had changed between the time of the video and the time of the trial. In light of such evidence, there was "some basis" for concluding that the detective was more likely than the jurors to correctly determine whether the defendant was the individual depicted in the video (People v Russell, 165 AD2d 327, 333, affd 79 NY2d 1024; see People v Jones, 161 AD3d 1103; People v Franzese, 154 AD3d 706, 707; People v Daniels, 140 AD3d 1083, 1084; People v Sanchez, 95 AD3d 241, 249-250, affd 21 NY3d 216).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel because his trial counsel failed to request a missing witness charge with respect to another employee of the salon who did not testify at trial. Inasmuch as there was no indication that the uncalled witness was within the People's control, the request would have had little chance of success [*2](see People v Miles, 161 AD2d 805; People v Pierre, 149 AD2d 740; cf. People v Savinon, 100 NY2d 192, 201; People v Davydov, 144 AD3d 1170, 1173). As such, the failure to request the charge did not deprive the defendant of the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Cowell, 149 AD3d 866, 867; People v Salton, 74 AD3d 997, 998).
The defendant's contention that certain remarks made by the prosecutor in his opening statement and summation deprived him of a fair trial is unpreserved for appellate review, since the defendant either did not object to the remarks, made only a general objection, or failed to request further curative relief when his objections were sustained (see CPL 470.05[2]; People v Barrett, 159 AD3d 1018, 1018-1019; People v Beer, 146 AD3d 895, 897; People v Guzman, 138 AD3d 1140). In any event, the contention is without merit, as the remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, or do not otherwise require reversal (see People v Kaval, 154 AD3d 875, 876; People v Carter, 152 AD3d 786; People v Rudenko, 151 AD3d 1084, 1085).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court