■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Jonathan Pratt, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered June 23, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we perceive no grounds for reversal with respect to the court's omission of a circumstantial evidence charge. The defendant's failure to object to the omission of that charge waives his present claim *(see, People v Whalen,* 59 NY2d 273). The record clearly indicates that the defendant failed to object to the omission of a circumstantial evidence charge when the court inquired if counsel had any requests or objections after its main charge to the jury and again after each of the two times it issued supplemental instructions to the jury.

In any event, the court's charge on constructive possession and on the statutory presumption of possession *(see,* Penal Law § 220.25 [2])—which were the theories under which the defendant was tried and convicted—provided the jury with the proper standard with which to evaluate the evidence in this case *(see, People v Gonzalez,* 54 NY2d 729).

The sentence imposed by the trial court was not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.