THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 6, 1988, convicting defendant of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), and sentencing him as a second felony offender to a term of incarceration of 4½ to 9 years, is unanimously affirmed.

Viewing the evidence in a light most favorable to the

People, defendant's guilt was proven beyond a reasonable doubt. The evidence was sufficient to demonstrate that defendant constructively possessed the cocaine under the statutory presumption of Penal Law § 220.25 (2). The charge on reasonable doubt, constructive possession, and the statutory presumption of possession gave the jury the proper standard with which to evaluate the evidence. Failure to provide a "moral certainty" charge was not reversible error (People v Gonzalez, 54 NY2d 729 [1981]; People v Pratt, 153 AD2d 867 [2d Dept 1989]). Defendant's challenge to cross-examination of himself was not preserved, as a matter of law, by specific objection (CPL 470.05 [2]). We decline to review in the interest of justice. Police expert testimony which established the element of intent to sell (Penal Law § 220.25 [2]) was not error, and it cannot be said that the court abused its discretionary control over cross-examination as a matter of law (see, People v Duncan, 46 NY2d 74, 80 [1978], cert denied 442 US 910 [1979]). Finally, defendant was not, on the record before us, so deprived of meaningful representation as to have been denied effective assistance of counsel (Strickland v Washington, 466 US 668, 694 [1984]; People v Baldi, 54 NY2d 137 [1981]; People v De La Hoz, 131 AD2d 154 [1st Dept 1987]). It would be more appropriate for the defendant to pursue the relief afforded by CPL 440.10, if he be so advised. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.