■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM SMOLEN, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered May 30, 1985, convicting defendant, after a jury trial, of sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, and sentencing him to concurrent indeterminate terms of imprisonment of 7 to 21 years, 2 to 6 years, and one year, respectively, to run consecutively with a sentence imposed in Westchester County, unanimously affirmed.

We find no merit to defendant's claim that the element of "forcible compulsion" (Penal Law § 130.00 [8]) was not established beyond a reasonable doubt. At the trial the victim testified that he was frozen in fear, and that he complied with defendant's requests because he did not want to die. The inquiry must focus on what the victim, observing defendant's conduct, feared defendant would or might do if the victim did not comply with his demands. *(People v Thompson,* 72 NY2d 410, 415-416, *rearg denied* 73 NY2d 870; *People v Coleman,* 42 NY2d 500, 505.) The jury's determination that the victim

feared for his life has a firm basis in the evidence, when viewed in the light most favorable to the People *(People v Bleakley,* 69 NY2d 490). The case at bar was prosecuted under the theory that defendant's threat placed his victim in fear and the fact that defendant may not have carried out his threat cannot transform the victim's submission into consent.

None of defendant's complaints about the court's charge has been preserved as a matter of law, and we decline to reach them.

We have also considered defendant's contention that several evidentiary rulings by the court deprived him of a fair trial, but find his arguments to be without merit. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.