■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DE JESUS, Appellant.—Judgment of the Supreme Court,

Bronx County (Edward M. Davidowitz, J.), rendered June 9, 1989, convicting defendant after a jury trial of three counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a weapon in the fourth degree, and sentencing him to three concurrent terms of imprisonment of from 3-¾ to 11-¼ years, and one concurrent definite term of imprisonment of one year, respectively, unanimously affirmed.

Police, responding to a radio run, were given entry to a basement room of a residential building through the only door accessible from the street. Once inside, they were given entry to an adjoining room through a locked plywood door. In that room, police observed a glassine bag of cocaine in plain sight. When defendant entered from another adjoining room, he admitted that he resided there. The building superintendent testified that defendant was one of two persons who had keys to the basement. A search of the room from which defendant entered turned up large quantities of crack vials in several glassine bags, a block of cocaine, and numerous glassines of various sizes containing cocaine in powder form. Several of these glassines were on a plate, and a razor and a rolled-up dollar bill with cocaine residue were found on an adjoining plate. A loaded, operable, .380 automatic handgun was also found nearby.

Defendant's contention that it was error to instruct the jury on the drug factory presumption is without merit. Penal Law § 220.25 (2) allows for the presumption of knowing possession by every person in close proximity to controlled substances under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substances. Contrary to defendant's argument, the statutory presumption does not require that mixing or compounding paraphernalia be found on the premises. In view of the quantity and various stages of preparation of the drugs found dispersed around the room, there was sufficient evidence to satisfy the statutory requirement of an intent to package or otherwise prepare drugs for sale (see, People v McCall, 137 AD2d 561, lv denied 70 NY2d 1008).

Nor was it error to deny defendant's application for a "moral certainty" charge. The charge on reasonable doubt, constructive possession, and the statutory presumption of possession gave the jury the appropriate standard with which to evaluate the evidence (People v Lopez, 157 AD2d 527, lv denied 75 NY2d 921; see also, People v Pratt, 153 AD2d 867).

Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.