■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 14, 1990, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (four counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a so-called "buy and bust" operation after selling four vials of cocaine to an undercover officer, from a plexiglass-enclosed counter inside a grocery store. After the undercover officer purchased the vials, he radioed to a field team a description of the seller, as well as the location of the purchase. When the members of the field team arrived at the bodega, they observed the defendant, who matched the description of the seller given by the undercover officer, behind a counter enclosed by plexiglass. The officers broke through the plexiglass encasement, where they recovered 200 vials underneath a makeshift platform on which the defendant was standing, 12 vials on the cash register, 14 vials in a box of straws on the counter, 61 vials in a bag between the radiator and the counter, and a bag of marihuana found inside the cash register. The police also found $254 in small bills on the defendant's person. The contents of the vials were later examined by a police chemist, and found to contain cocaine.

On appeal, the defendant contends that the evidence adduced at the trial was legally insufficient to demonstrate that he constructively possessed the crack cocaine. "In New York, the rule has long been that to support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised 'dominion and control' over the property by a sufficient level of control over the area in which the contraband is found" *(People v Manini,* 79 NY2d 561, 573, citing Penal Law § 10.00 [8]). Applying this principle to the facts in the instant case, we conclude that the evidence was legally sufficient to prove that the defendant was in constructive possession of the stashes of drugs. The undercover officer observed the defendant sell through a plexiglass window, what appeared to be drugs to two customers, and purchased, himself, four vials of crack cocaine from the defendant. This, coupled with the fact that the defendant was selling drugs from a plexiglass enclosure, is legally sufficient to demonstrate that the defendant had dominion and control over the drugs found inside the barricade *(see, People v Manini, supra).* Neither the presence of other people inside the plexiglass-enclosed area, nor that some of the vials recovered were different colors from those sold to the undercover officer, renders the evidence legally insufficient in light of the direct evidence of the sale to the undercover officer. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Similarly without merit is the defendant's contention that the court committed reversible error when it denied his request for a circumstantial evidence charge. A circumstantial evidence charge is unwarranted where, as here, both direct and circumstantial evidence are employed *(see, People v Barnes,* 50 NY2d 375; *People v Guzman,* 168 AD2d 792). The court's charge correctly defined "constructive possession" *(see,* 1 CJI[NY] 9.70, at 543-545), and focused the jury's attention on the specific factual issues raised by the evidence with regard to whether the defendant had constructive possession of the recovered vials of crack cocaine *(see, People v Lopez,* 157 AD2d 527, 528; *People v Pratt,* 153 AD2d 867). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.