■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAY GARVIN, Appellant. [598 NYS2d 997] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered June 26, 1991, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the court erred by issuing a circumstantial evidence charge only

with regard to the count of criminal possession of a controlled substance in the third degree. The remaining counts of criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree were premised on constructive possession. Although the court did not use the phrase "moral certainty" in discussing those latter counts, the record reveals that the court thoroughly discussed the principles regarding the People's burden of proof, reasonable doubt, and constructive possession, thereby adequately conveying to the jury the proper legal standard to evaluate all of the evidence and all of the charges *(see, People v De Jesus,* 178 AD2d 180, 181; *People v Lopez,* 157 AD2d 527, 528; *People v Pratt,* 153 AD2d 867, 868). Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.