■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH EVERETT, Appellant. [620 NYS2d 992] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered September 10, 1991, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant, along with three of his friends, engaged in sexual intercourse with the complainant, and subjected her to sexual contact, by means of forcible compulsion (see, Penal Law § 130.35 [1]; § 130.65 [1]). According to the complainant's testimony, the defendant was present when one of his cohorts struck the complainant, who was crying throughout the incident, and then took her aside to speak with her after she twice rebuffed the defendant's sexual advances. The complainant's testimony, when viewed in the light most favorable to the People, was sufficient to establish that her submission to sexual intercourse with the defendant was as a result of the threat of immediate physical injury, be it express or implied (see, Penal Law § 130.00 [8]; People v Warren, 186 AD2d 697). In addition, issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded

great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.