■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WASHINGTON, Appellant. [641 NYS2d 636] —Judgment, Supreme Court, New York County (Alfred Donati, Jr., J.), rendered June 13, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The evidence at trial established that after an undercover officer asked the codefendant for "nicks", defendant interrupted the transaction, and not recognizing the undercover, asked him from whom he had purchased previously. After the undercover assured them that he had purchased drugs in that building before, defendant directed the codefendant to "give them to" the undercover. Viewing this evidence in a light most favorable to the prosecution, and giving them the benefit of every reasonable inference, defendant's guilt of selling drugs as an accomplice was proven beyond a reasonable doubt (*see, People v Kaplan*, 76 NY2d 140; *People v McDermott*, 192 AD2d 415, *lv denied* 81 NY2d 1076). Moreover, the verdict was not against the weight of the evidence.

The prosecutor's references to defendant during summation as being a "manager" in a drug selling "business" were appropriate under the facts of this case. Although the prosecutor did vouch for the undercover's credibility on a few occasions, the comments were not numerous or so prejudicial as to deprive defendant of a fair trial.

Defendant failed to preserve his current claim that the court failed to give a circumstantial evidence charge (*People v Yepes*, 163 AD2d 19, *lv denied* 76 NY2d 868). In any event, no such charge was required since defendant's statement to the code-

fendant to give the drugs to the undercover constituted direct evidence of guilt (see, People v Rumble, 45 NY2d 879). Also unpreserved is his complaint that the undercover should not have been permitted to testify anonymously, and we decline to review it in the interest of justice. In any event, defendant has not shown that he was prejudiced thereby (see, People v Stanard, 42 NY2d 74, 83-84, cert denied 434 US 986; People v Kearse, 215 AD2d 104, lv denied 86 NY2d 797).

The background testimony regarding the procedures used by the police in a normal buy and bust case was admissible to help the jury understand the officer's behavior and to explain why no drugs or buy money were found on this defendant (see, People v Kelsey, 194 AD2d 248; People v Ellsworth, 176 AD2d 127, lv denied 79 NY2d 856), and did not shift the focus to the drug trade in general (cf., People v Alfonso, 194 AD2d 358). Further, the testimony regarding the officer's previous experience as an undercover provided sufficient foundation for such testimony (see, People v Tevaha, 204 AD2d 92, affd 84 NY2d 879).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.