■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BIANCHINI, Appellant. [765 NYS2d 633] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered November 13, 2000, convicting defendant, after a jury trial, of possession of gambling records in the first degree, and sentencing him to a term of five years probation, unanimously affirmed.

The verdict was based on sufficient evidence and was not against the weight of the evidence. There was detailed expert testimony about locations known as "wire rooms" where illegal bets are accepted by telephone, including testimony that bettors do not go to wire rooms to receive their winnings. Defendant's constructive possession of gambling records was clearly established by evidence that he was one of the two persons present in a small studio apartment bearing the characteristics of a wire room, that he was in close proximity to gambling records in plain view, and that he possessed a key to the apartment (*see People v Perez*, 259 AD2d 274 [1999], *lv denied* 93 NY2d 976 [1999]). We note that while mere presence does not establish criminal liability, presence under circumstances where "a reasonable jury could conclude that only trusted members of the operation would be permitted to enter" (*People v Bundy*, 90 NY2d 918, 920 [1997]) may be highly probative of constructive possession. Contrary to defendant's suggestion, this principle is not based on the presumption found in Penal Law § 220.25 (2) concerning drugs in open view in a room (*People v Bundy*, 90 NY2d 918, 920 [1997], *supra*) and it is not limited to drug cases (*see e.g. People v Cea*, 305 AD2d 235 [2003]).

By granting defendant's omnibus motion "to the extent that a *Huntley* hearing is ordered," the court implicitly denied the *Mapp/Dunaway* aspect of defendant's motion without a hearing. That ruling was proper since, as the People argued in opposition to the motion, defendant failed to allege sufficient facts to warrant a hearing (*see People v Mendoza*, 82 NY2d 415 [1993]).

The challenged portion of the People's summation constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom. They responded to defense arguments, and did not shift the burden of proof (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.