■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WARREN, Appellant. [804 NYS2d 376]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered February 11, 2003, convicting him of kidnapping in the first degree, rape in

the first degree (5 counts), rape in the third degree (5 counts), sodomy in the first degree (21 counts), sodomy in the third degree (21 counts), sexual abuse in the first degree (6 counts), assault in the second degree (2 counts), assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating convictions of sodomy in the third degree under counts 46 and 47 of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment, and modifying the sentences to make them all run concurrently to each other but consecutive to the sentence imposed on the conviction of kidnapping in the first degree; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the testimony of an accomplice with regard to the identification of the defendant as the person who committed the charged offenses was sufficiently corroborated by other evidence in the case (*see* CPL 60.22 [1]; *People v Smith*, 55 NY2d 945, 946 [1982]). The independent corroboration of various and substantial portions of the accomplice's testimony by the complainant and several other prosecution witnesses sufficed to connect the defendant to the commission of the offenses (*see People v Glasper*, 52 NY2d 970, 971 [1981]). Although the complainant did not identify the defendant in the courtroom, CPL 60.22 does not require a positive identification by the victim where the evidence corroborating the testimony of the accomplice furnishes the requisite connection between the defendant and the crimes charged (*see People v Jones*, 85 NY2d 823, 825 [1995]).

Furthermore, the defendant's contention that there was legally insufficient evidence of lack of consent and forcible compulsion to support his conviction for various sex offenses is without merit. In determining whether threats amount to forcible compulsion, "[t]he proper focus is on the state of mind produced in the victim by the defendant's conduct, because the *sine qua non* for criminal liability for sex offenses under our Penal Law is lack of consent" (*People v Thompson*, 72 NY2d 410, 416 [1988]; *see People v Coleman*, 42 NY2d 500, 505-506 [1977]; Penal Law § 130.05). Here, the complainant testified that she only acceded to the sexual demands of the defendant and his accomplice because the defendant threatened to break her legs or kill her if she did not comply or if she tried to escape, he "disciplined" her by repeatedly striking, whipping and choking her, and he forced her to ask for permission to use the

bathroom or shower (*see People v Everett*, 210 AD2d 502 [1994]; *People v Warren*, 186 AD2d 697 [1992]; *People v Smolen*, 166 AD2d 248 [1990]; *People v Kershaw*, 140 AD2d 628 [1988]). Accordingly, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the element of forcible compulsion beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, as the People correctly concede, counts 46 and 47 of the indictment, both charging the defendant with sodomy in the third degree, were duplicative of counts 18 and 19 of the indictment, respectively. Accordingly, the convictions under counts 46 and 47 are vacated, and the sentences imposed thereon are vacated (*see People v Aarons*, 296 AD2d 508 [2002]; *People v Senisi*, 196 AD2d 376, 382 [1994]).

We agree with the defendant to the extent that except for the sentence imposed on the conviction of kidnapping in the first degree, all of the sentences should run concurrently with each other (*see generally* Penal Law § 70.25 [2]; *People v Day*, 73 NY2d 208, 212 [1989]).

The defendant's claim that the County Court erred in summarily denying his motion pursuant to CPL 440.10 to vacate the judgment of conviction is not properly before this Court, as the defendant failed to seek and obtain leave to appeal from that order (*see* CPL 460.15; *People v McKane*, 222 AD2d 458 [1995]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.