■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HUGHLEY, Appellant. [842 NYS2d 99]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 21, 2003, convicting him of criminal possession of a controlled substance in the first degree under indictment No. 10169/02, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Kron, J.), rendered June 22, 2004, convicting him of criminal possession of a controlled substance in the seventh degree and criminally using drug paraphernalia in the second degree (three counts) under indictment No. 10169/02 , upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction of criminal possession of a controlled substance in the first degree. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's contention, the Supreme Court properly declined to issue a circumstantial evidence charge since the evidence was both direct and circumstantial (*see People v Daddona*, 81 NY2d 990 [1993]; *People v Martinez*, 185 AD2d 365 [1992]).

The challenged portion of the prosecutor's summation constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom (*see People v Bianchini*, 309 AD2d 652 [2003]; *People v Washington*, 227 AD2d 126 [1996]).

The defendant's remaining contention raised in point three of his brief is unpreserved for appellate review and, in any event, is without merit. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.