■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE HOLLAND, Appellant. [847 NYS2d 118]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 21, 2003, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court (Spires, J.), imposed October 31, 2005.

Ordered that the judgment and resentence are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court properly declined to provide the jury with a circumstantial evidence charge since the evidence was both direct and circumstantial (*see People v Daddona,* 81 NY2d 990 [1993]; *People v Martinez,* 185 AD2d 365 [1992]).

The challenged portion of the prosecutor's summation consti-

tuted fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Bianchini,* 309 AD2d 652 [2003]; *People v Washington,* 227 AD2d 126 [1996]).

The defendant's contention that his resentence should be reduced because the court resentenced him based upon an erroneous view of the evidence is unpreserved for appellate review. In any event, the defendant's contention is without merit. The resentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in Point Two of his supplemental pro se brief, is unpreserved for appellate review and, in any event, is without merit. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.