THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM POTTS, Appellant. [853 NYS2d 628]–

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Oates,* 33 AD3d 823 [2006]; *People v Jones* 309 AD2d 819, 819-820 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention, raised in his supplemental pro se brief, that the testimony of a jailhouse informant was improperly admitted at trial because the informant was an agent for the police, is without merit (*see Massiah v United States,* 377 US 201 [1964]; *People v Cardona,* 41 NY2d 333 [1977]; *People v Jean,* 13 AD3d 466, 467 [2004]; *People v Flores-Ossa,* 234 AD2d 315, 316 [1996]).

The defendant failed to preserve his claim, made in his supplemental pro se brief, that the court erred in failing to give an accomplice charge, because he neither requested such a charge nor specifically objected to the court's failure to give it (*see* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351 [1981]; *People v Edwards,* 28 AD3d 491, 492 [2006]). In any event, this contention is without merit.

Portions of the defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, are based on matter dehors the record which cannot be reviewed on direct appeal (*see People v Kadry*, 30 AD3d 440 [2006]; *People v Wingate*, 297 AD2d 761, 762 [2002]). To the extent that this claim can be reviewed, the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur.