◼ The People of the State of New York, Respondent, v Tyrie Thomas, Appellant. [869 NYS2d 910]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 21, 2007, convicting him of murder in the second degree, manslaughter in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People improperly failed to provide him with notice pursuant to CPL 710.30 (1) of a pretrial identification procedure involving a witness who made an in-court identification of him. However, since the proof of the defendant's guilt was overwhelming, and since there is no significant probability that the People's failure to provide notice pursuant to CPL 710.30 (1) contributed to the defendant's convictions, any error concerning the People's failure to provide notice pursuant to CPL 710.30 (1) was harmless (*see People v Crimmins,* 36 NY2d 230, 242 [1975]; *People v Peterkin,* 245 AD2d 1050, 1050-1051 [1997]).

To the extent that the defendant's claim of ineffective assistance of counsel is predicated upon matter dehors the record, the claim may not be reviewed on direct appeal (*see People v Monroe,* 52 AD3d 623 [2008]; *People v Brisman,* 51 AD3d 685 [2008]; *People v Potts,* 49 AD3d 782, 783 [2008]). To the extent that the claim can be reviewed, the defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712

[1998]; *People v Baldi,* 54 NY2d 137, 144-147 [1981]; *People v Gonzalez,* 22 AD3d 597 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]; *see also People v Taylor,* 155 AD2d 630, 630-631 [1989]). Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.