THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FORINO, Appellant. [887 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (La Pera, J.), rendered July 13, 2007, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsi-

bility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contentions, the trial court did not improvidently refuse to excuse certain prospective jurors for cause, as the challenged jurors all indicated that they would be able to follow the law as set forth by the court (*see People v Porter*, 7 AD3d 817 [2004]; *People v Bunch*, 278 AD2d 501, 502 [2000]; *People v Rudolph*, 266 AD2d 568, 569 [1999]) and none of their responses rose to the level of actual bias (*see People v Smith*, 48 AD3d 489 [2008]; *People v Rivera*, 33 AD3d 303, 313 [2006], *affd* 9 NY3d 904 [2007]).

"Contrary to the defendant's contention, the Supreme Court properly declined to provide the jury with a circumstantial evidence charge since the evidence was both direct and circumstantial" (*People v Holland*, 45 AD3d 863, 863 [2007]; *see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Johnson*, 293 AD2d 489 [2002]; *People v Martinez*, 185 AD2d 365 [1992]). In addition, the defendant's contention that the court's final charge was inadequate because it did not include a *Molineux* charge (*see People v Molineux*, 168 NY 264, 293 [1901]) does not warrant reversal since the evidence of the defendant's guilt was overwhelming and, in light of the court's initial instruction regarding the challenged testimony, there was no significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Hawker*, 215 AD2d 499, 500 [1995]).

Since no reasonable view of the evidence supports a finding of the affirmative defense of renunciation, the trial court properly declined to charge the jury on that defense (*see People v Watts*, 57 NY2d 299, 301 [1982]).

The defendant's contention regarding the selection of alternate juror number one is unpreserved for appellate review, since the defendant did not seek to exercise either a for cause or a peremptory challenge against her (*see People v Whitfield*, 240 AD2d 522 [1997]; *People v Scott*, 197 AD2d 644, 645 [1993]). In any event, the trial court providently exercised its discretion in discharging a sick juror on the second day of trial (*see* CPL 270.35 [2] [a]; *People v Jeanty*, 94 NY2d 507, 516 [2000]; *People*

*v Ballard*, 51 AD3d 1034 [2008]; *People v Shelton*, 31 AD3d 791, 791-792 [2006]) and in replacing that juror with alternate juror number one.

"A trial court has broad discretion to restrict the scope of voir dire by counsel and indeed must preclude repetitive or irrelevant questioning" (*People v Jean*, 75 NY2d 744, 745 [1989] [citations omitted]; *see* CPL 270.15 [1] [c]; *People v Pepper*, 59 NY2d 353, 358 [1983]). Here, the trial court providently exercised its discretion in setting time limits on each attorney's voir dire of prospective jurors, and defense counsel was provided a fair opportunity to ask relevant and material questions (*see* CPL 270.15 [1] [c]; *People v Jean*, 75 NY2d 744, 745 [1989]; *People v Thompson*, 45 AD3d 876, 877 [2007]; *People v Wheeler*, 268 AD2d 448 [2000]).

The People failed to give the defendant statutory notice of a police-arranged showup identification conducted shortly after his arrest (*see* CPL 710.30). However, since there was "no significant probability that the People's failure to provide notice pursuant to CPL 710.30 (1) contributed to the defendant's convictions," and in light of the overwhelming evidence of the defendant's guilt, any error in the admission of that witness's in-court identification was harmless (*People v Thomas*, 58 AD3d 645, 645 [2009]; *see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Nunez*, 55 AD3d 756, 757 [2008]; *People v Manson*, 176 AD2d 294, 295 [1991]; *cf. People v Dixon*, 85 NY2d 218, 224 [1995]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.