THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MITCHELL, Appellant. [890 NYS2d 585]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

While it was proper for the prosecutor to elicit testimony that the defendant attempted to procure a false alibi (*see People v Moses,* 63 NY2d 299, 308 [1984]), eliciting the witness's reason for agreeing to provide one was error (*see People v Buzzi,* 238 NY 390, 398-399 [1924]; *cf. People v Myrick,* 31 AD3d 668, 669 [2006]). However, such error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

Furthermore, the defendant's contention concerning a comment made by the prosecutor during summation is unpreserved for appellate review, as he raised only a general objection to the contested remark, failed to request curative instructions, and did not timely move for a mistrial on that ground (*see* CPL 470.05 [2]; *People v Dashosh,* 59 AD3d 731 [2009]; *People v Miller,* 57 AD3d 568 [2008]). In any event, the challenged portion of the prosecutor's summation constituted fair comment on, or reasonable inferences drawn from, the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]; *People v Hughley,* 43 AD3d 1180 [2007]).

The defendant received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Eng, Austin and Roman, JJ., concur.