■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ROBBS, Appellant. [950 NYS2d 276]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered August 10, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, it was not error for the Supreme Court to submit to the jury a so-called "twin-count" indictment charging both intentional and depraved indifference murder (see People v Suarez, 6 NY3d 202, 215 [2005]). This matter presents one of those rare instances where, depending on which evidence the jury credited, the defendant could have been found to have committed either intentional murder or depraved indifference reckless murder (see People v Timmons, 78 AD3d 1241, 1242-1243 [2010]; People v Carter, 40 AD3d 1310, 1311-1312 [2007]). Moreover, the defendant's contention that the depraved indifference murder statute is void for vagueness is without merit (see People v Johnson, 87 NY2d 357 [1996]). The defendant's contention regarding the sufficiency of the evidence presented to the grand jury on the count charging depraved indifference murder is not reviewable since he was convicted upon legally sufficient evidence (see People v Parker, 74 AD3d 1365, 1366 [2010]).

The defendant's challenge to the prosecutor's comment in summation that the defendant did not run away when the victim approached him is unpreserved for appellate review and, in any event, without merit (see People v Carrieri, 49 AD3d 660, 662 [2008]). The defendant's remaining challenge to a remark made in the prosecutor's summation is without merit, as it constituted fair comment on the evidence (People v Holland, 45 AD3d 863, 863-864 [2007]).

Contrary to the defendant's contention, the Supreme Court's instruction on the defense of justification, including the duty to retreat, conveyed the correct legal principles (see Penal Law § 35.15).

The defendant failed to preserve for appellate review his contention that the Supreme Court failed to instruct the jury that if it found that the prosecution failed to prove beyond a reasonable doubt that the defendant was not justified in using deadly physical force then it had to find him not guilty of all counts and, in any event, this contention is without merit, as the Supreme Court instructed the jury in that regard.

The defendant's remaining contentions are without merit. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.