Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered November 18, 2010, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (seven counts), criminally using drug paraphernalia in the second degree (two counts) and criminal possession of marijuana in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The People’s theory of constructive possession was not based on traditional “hallmarks” of dominion and control such as tenancy, but on the inference that defendant was a member of a criminal enterprise operating out of an apartment, and was thus a joint possessor of all the contraband in that apartment, regardless of whose residence the apartment might have been. This theory was related to, but separate from, the presumption found in Penal Law § 220.25 (2) concerning drugs in open view in a room (see People v Bianchini, 309 AD2d 652 [1st Dept 2003]). Defendant’s membership in the unlawful operation was the only reasonable explanation for his presence in the apartment, where loaded weapons and significant quantities of drugs were in plain view (see People v Bundy, 90 NY2d 918, 920 [1997]; People v Collado, 267 AD2d 122 [1st Dept 1999], lv denied 94 NY2d 917 [2000]). In addition, defendant flushed drugs down the toilet as the police entered, and his DNA was found on one of the firearms. The jury could have readily rejected defendant’s claim that he was innocently visiting his drug-dealing girlfriend.
The court properly permitted the People to impeach a defense witness with a prior inconsistent statement. Defendant failed to preserve, or affirmatively waived (see People v Lewis, 5 NY3d 546, 551 [2005]), his claims that the court should have given a limiting instruction during the cross-examination and that the charge given just prior to deliberations was improper, and we *647 decline to review these claims in the interest of justice. As an alternative holding, we find that the court’s charge, viewed as a whole, sufficiently instructed the jury on the proper use of a prior inconsistent statement, and that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant also affirmatively waived, or failed to preserve, his challenges to portions of a detective’s testimony, and to the absence of a circumstantial evidence charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur — Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.