People v Whichard (2023 NY Slip Op 00220)

People v Whichard

2023 NY Slip Op 00220

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2019-01646
 (Ind. No. 2399/14)

[*1]The People of the State of New York, respondent,
v
Leon Whichard, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, Nicole Leibow of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered November 16, 2018, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fifth degree, arising out of the execution by the police of a search warrant at certain residential premises, including a search of a bedroom in which the defendant had been found on the bed. As a result of the search, the police found, among other things, on the top of a dresser in the bedroom in which the defendant had been located, crack cocaine, a wallet containing the defendant's identification, and mail bearing the defendant's name and the address of the premises. The jury found the defendant guilty of one count of criminal possession of a controlled substance in the fifth degree, acquitted him of several other counts of which he had been indicted, and the Supreme Court declared a mistrial as to four counts relating to the criminal sale and possession of drugs. Thereafter, the defendant entered a plea of guilty to another count of criminal possession of a controlled substance in the fifth degree in full satisfaction of the remaining counts of the indictment in exchange for the imposition of a sentence to run concurrently with the sentence imposed on his conviction upon a jury verdict.
Contrary to the defendant's contention, at trial, the Supreme Court properly declined to provide a circumstantial evidence charge to the jury as the evidence at trial was both direct and circumstantial (see People v Daddona, 81 NY2d 990, 992; People v Hughley, 43 AD3d 1180, 1181).
Since the defendant raised no independent contention regarding his conviction of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, other than that his plea should be vacated if his conviction upon a jury verdict is reversed, the portion of the judgment entered upon his plea of guilty is also affirmed (see People v Bello, 198 AD3d 668, 668-669).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court