People v Contrera (2025 NY Slip Op 05698)

People v Contrera

2025 NY Slip Op 05698

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2022-08860
 (Ind. No. 71307/22)

[*1]The People of the State of New York, respondent,
v
Pelencho Contrera, appellant.

Helig Branigan, LLP, Holbrook, NY (Michael J. Miller of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered August 3, 2022, convicting him of rape in the first degree, sexual abuse in the first degree, aggravated sexual abuse in the third degree, and rape in the third degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 20 years plus 15 years of postrelease supervision on the conviction of rape in first degree, 7 years plus 10 years of postrelease supervision on the conviction of sexual abuse in the first degree, 7 years plus 10 years of postrelease supervision on the conviction of aggravated sexual abuse in the third degree, and 4 years plus 10 years of postrelease supervision on the conviction of rape in the third degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of rape in the first degree from a determinate term of imprisonment of 20 years plus 15 years of postrelease supervision to a determinate term of imprisonment of 15 years plus 15 years of postrelease supervision; as so modified, the judgment is affirmed.
For his actions pertaining to the complainant's forced participation in sexual acts, the jury convicted the defendant of rape in the first degree (Penal Law § 130.35[1]) and related crimes. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The complainant testified that the defendant had held her down, that she tried to remove his hands from her person, and that she feared that the defendant would kill not only her, but her mother and siblings, if she did not submit to his demands. Contrary to the defendant's contention, neither the lack of evidence of physical injury, nor the complainant's alleged failure to attempt an escape or to immediately report the crimes, renders the verdict in this matter against the weight of the evidence (see People v Soto, 155 AD3d 1066, 1067; People v Warren, 22 AD3d 773, 774-775).
The defendant contends that he was denied his constitutional right to present a [*2]defense because the County Court did not allow him to present evidence that his then-11-year-old son, who is also the complainant's half-brother, had been asked to lie about the defendant by the complainant's mother and grandmother. The defendant contends that this evidence relates to the complainant's credibility and motive to fabricate her accusations against the defendant. However, since the defendant did not assert a constitutional right to introduce the excluded evidence at trial, his constitutional claim is unpreserved for appellate review (see People v Stephens, 84 NY2d 990, 992; People v Simmons, 106 AD3d 1115, 1116). In any event, the court providently exercised its discretion in denying the defendant's request, as the proffered evidence lacked a good-faith factual basis, was based solely on hearsay, and was too remote and speculative (see People v Wilson, 163 AD3d 881, 882; People v Monroe, 30 AD3d 616, 617).
The defendant's contention that the County Court denied the defense a fair opportunity to question prospective jurors by limiting counsel's voir dire during jury selection is largely unpreserved for appellate review (see CPL 470.05[2]; People v Blackwell, 219 AD3d 619, 620). In any event, "[a] trial court has broad discretion to restrict the scope of voir dire by counsel and indeed must preclude repetitive or irrelevant questioning" (People v Jean, 75 NY2d 744, 745 [citations omitted]; see People v Boulware, 29 NY2d 135, 140). Here, the record demonstrates that the court did not improvidently exercise its discretion in limiting defense counsel's questioning during voir dire (see People v Jean, 75 NY2d at 745; People v Littlejohn, 92 AD3d 898, 898-899; People v Forino, 65 AD3d 1259, 1261).
Moreover, the County Court did not err in permitting photographs of the defendant's genitalia to be admitted into evidence at trial, as the complainant's opportunity to observe the defendant's penis was a material issue in the case and the photographs were never shown to the complainant (see People v Wood, 79 NY2d 958, 960; People v Wells, 161 AD3d 1200, 1200; People v Morin, 146 AD3d 901, 902).
The defendant's contention that an expanded jury charge on intent should have been provided by the County Court is unpreserved for appellate review (see CPL 470.05[2]; People v James, 35 AD3d 762, 763). In any event, the contention is without merit, as the court's charge, when viewed in its entirety, adequately conveyed to the jury the appropriate standard to be applied in determining whether the defendant acted with the necessary mens rea (see People v Williams, 81 NY2d 303, 316-317; People v Yanik, 43 NY2d 97).
The sentence imposed was excessive to the extent indicated herein (see People v Brisman, 43 NY3d 322; People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court