■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM HIRSCHFELD, Appellant. [726 NYS2d 3] —Judgment,

Supreme Court, New York County (Carol Berkman, J., at initial denial of suppression hearing; Ira Beal, J., at subsequent denial of suppression hearing, jury trial and sentence), rendered August 1, 2000, convicting defendant of criminal solicitation in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant's various challenges to the sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant's conviction was based upon legally sufficient evidence. Moreover, the verdict was not against the weight of the evidence and there is no basis for reversal in the interest of justice.

The evidence warranted the conclusion that defendant, through an employee serving as an intermediary, hired an unidentified individual to kill defendant's business partner. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible testimony of the intermediary was corroborated by defendant's tape-recorded admissions to his secretary, who was cooperating with the prosecution (*see, People v Breland*, 83 NY2d 286, 292-294). Further corroboration was found in various circumstantial evidence including damaging statements made by defendant in his Grand Jury testimony and his statements to the news media. The record clearly establishes defendant's homicidal intent and does not support defendant's argument that he was convicted on the basis of "rash," "thoughtless" or "eccentric" utterances.

Contrary to defendant's unpreserved argument, the fact that the killer-for-hire remains unidentified does not affect the sufficiency or weight of the evidence in this case. The intermediary never learned the name of the prospective assassin, and never saw this person because the conversations and transfers of cash took place through a car's slightly opened tinted window. However, the People were not required to prove this person's identity (*see, People v Taylor*, 74 AD2d 177, 179, *lv denied* 50 NY2d 1005), and the totality of the evidence led to the inescapable conclusion that defendant criminally solicited that individual.

Defendant did not make an unequivocal request to represent himself, and to the extent that he made any such request, that request was abandoned. His motion to proceed *pro se* was not "unequivocal" because it was made in the context of numerous delaying tactics and complaints about defendant's former counsel, and was couched in terms of defendant allegedly being

constrained to represent himself in event that the court denied him time to retain new counsel (*see, People v Payton*, 45 NY2d 300, 314, *revd on other grounds* 445 US 573). In any event, during the pendency of defendant's motion he retained new counsel and proceeded with the trial, expressing no further wish to represent himself. Accordingly, the record establishes that defendant abandoned his application (*People v Graves*, 85 NY2d 1024, 1027; *People v Harding*, 245 AD2d 233, *lv denied* 91 NY2d 1008; *People v Douglas*, 227 AD2d 130, *lv denied* 88 NY2d 965).

Although defendant had been granted a hearing on his claim that his prosecution-arranged, tape-recorded conversations with his secretary should be suppressed on the ground that they were made while he was allegedly represented by counsel on the instant charges (*see, People v West*, 81 NY2d 370), the court initially presiding over the matter properly determined that such hearing had been forfeited as a result of defendant's egregiously dilatory tactics. These extraordinary delaying tactics culminated in defendant's retention of new counsel on the eve of the long-awaited hearing, with knowledge that the new counsel would be unavailable on or near the hearing date. The court also properly determined that the suppression motion was meritless, and the court that ultimately presided over the matter properly exercised its discretion in applying the law of the case doctrine. In any event, defendant was not prejudiced by the denial of the hearing, since the record establishes that defendant had no basis for his assertion that he was represented on the instant charges at the time of the statement, a claim upon which a defendant bears the burden of proof (*People v Rosa*, 65 NY2d 380).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.