■ The People of the State of New York, Respondent, v Harry McClam, Appellant. [747 NYS2d 75]

Defendant claims that at various times the court improperly granted, denied, or failed to rule on his requests to represent himself. We find all of these claims to be unavailing.

First, we reject defendant's claim that the court initially granted his request to proceed pro se without making the required inquiry into his appreciation of the risks of self-representation (*see People v Smith*, 92 NY2d 516). The court's brief indication that it would permit defendant to proceed pro se was of no consequence since the next event that transpired was a major in-court disruption during which defendant assaulted at least one of the 15 to 25 court officers called to remove him from the courtroom. Subsequently, the court permitted defendant to return but did not grant his request for pro se status.

Next, we find no deprivation of defendant's right to represent himself (*see People v McIntyre*, 36 NY2d 10, 17). Defendant never made an unequivocal invocation of his right of self-representation, because each of his requests to proceed pro se was made in the context of a request for substitution of counsel (*see People v Payton*, 45 NY2d 300, 314, *revd on other grounds* 445 US 573; *People v Hirschfeld*, 282 AD2d 337, *lv denied* 96

NY2d 919, *cert denied* 534 US 1082). Moreover, after the court informed defendant that new counsel would be assigned and asked him if he still wished to represent himself, defendant replied that he was "not crazy" and that he preferred to have an "adequate" attorney represent him rather than to proceed pro se. In any event, after the court assigned a new attorney (defendant's fifth), defendant clearly abandoned his request for self-representation (*see People v Hirschfeld*, 282 AD2d at 339).

Finally, we reject defendant's claim that the court also "compelled" him to represent himself during a brief hiatus between the departure of his fourth attorney and the arrival of his fifth attorney. Nothing of any significance took place during that brief interval (*compare People v Slaughter*, 78 NY2d 485, 492-493).

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.