■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM WHITE, Appellant. [875 NYS2d 551]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered February 10, 2006, as amended February 15, 2006, convicting him of bribery in the third degree and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's contention regarding the propriety of the prosecutor's conduct before the grand jury during cross-examination of the defendant is unpreserved for appellate review (*see People v Meleance,* 52 AD3d 845 [2008]) and, in any

event, is without merit (*People v Thomas*, 213 AD2d 73, 76 [1995], *affd* 88 NY2d 821 [1996]).

The defendant's contention that the court erred in denying his request for substitution of counsel or, in the alternative, to allow him to proceed pro se, is without merit. Although an indigent defendant has a right to a court-appointed attorney, he or she does not have the right to choose assigned counsel. The decision to appoint new counsel is within the trial court's discretion upon a showing of good cause (*see People v Sawyer*, 57 NY2d 12, 18-19 [1982]; *People v Garcia*, 284 AD2d 479 [2001]). Here, the defendant's conclusory statements that he lacked confidence in his attorney, and his general expression of dissatisfaction with counsel, were insufficient to establish good cause for a substitution of counsel (*see People v Banister*, 15 AD3d 497 [2005]; *People v Laws*, 6 AD3d 212 [2004]; *People v Bailey*, 224 AD2d 435 [1996]).

The defendant's request to represent himself was not clear and unequivocal, because it was made in the context of a request for substitution of counsel. His request was raised as a way of relieving assigned counsel. Moreover, the defendant's request was made in the alternative. He wanted to represent himself only because the court refused to replace counsel (*see People v Gillian*, 8 NY3d 85, 88 [2006]; *People v McClam*, 297 AD2d 514 [2002]). Under the circumstances, the court did not improvidently exercise its discretion in denying the defendant's request for substitution of counsel, or in the alternative, to represent himself. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.