■ The People of the State of New York, Respondent, v Darryl Littlejohn, Appellant. [939 NYS2d 118]—

The Supreme Court did not err in denying the defendant's application to proceed pro se. A criminal defendant has a constitutional right to self-representation (*see Faretta v California*, 422 US 806, 814 [1975]; *Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 384-385 [2011]; *People v McIntyre*, 36 NY2d 10, 14-15 [1974]). However, the right to self-representation is "not . . . unfettered" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385 [2011]). In order for a criminal defendant to invoke the right to defend pro se, "(1) the request [must be] unequivocal and timely asserted, (2) there [must be] a knowing and intelligent waiver of the right to counsel, and (3) the defendant [must not have] engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d at 17). "If a timely and unequivocal request [to proceed pro se] has been asserted, then the trial court is obligated to conduct a 'searching inquiry' to ensure that the defendant's waiver is knowing, intelligent, and voluntary" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d at 385; *see People v Slaughter*, 78 NY2d 485, 491 [1991]).

In this case, the defendant's request to represent himself was not clear and unequivocal. Rather, the record shows that this request was made in connection with applications for substitution of assigned counsel, and in the alternative to those applications. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request to represent himself (*id.* at 386-387; *see People v White*, 60 AD3d 877, 878 [2009]; *People v McClam*, 297 AD3d 514 [2002]; *see also People v Gillian*, 8 NY3d 85, 88 [2006]).

"A trial court has broad discretion to restrict the scope of voir

dire by counsel and indeed must preclude repetitive or irrelevant questioning" (*People v Jean*, 75 NY2d 744, 745 [1989] [citations omitted]; *see People v Boulware*, 29 NY2d 135, 140 [1971], *cert denied* 405 US 995 [1972]). A restriction on the time allotted for voir dire is generally permissible where defense counsel is "afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters" (*People v Jean*, 75 NY2d at 745; *see People v Steward*, 17 NY3d 104, 110-111 [2011]; CPL 270.15 [1] [c]). Here, the record shows that the Supreme Court did not improvidently exercise its discretion in connection with the conduct of the voir dire process (*see People v Jean*, 75 NY2d at 745; *People v Thompson*, 45 AD3d 876, 877 [2007]; *People v Wheeler*, 268 AD2d 448, 449 [2000]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.