■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRAN RIVERA, Appellant. [983 NYS2d 856]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered March 22, 2012, convicting him of criminal possession of a controlled substance in the third degree (two counts), assault in the second degree, reckless endangerment in the second degree, obstructing governmental administration in the second degree, resisting arrest, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his application to proceed pro se. "A criminal defendant has a constitutional right to self-representation" (*People v Littlejohn*, 92 AD3d 898, 898 [2012]; *see Faretta v California*, 422 US 806, 807 [1975]; *Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 384-385 [2011]; *People v McIntyre*, 36 NY2d 10, 15 [1974]). But, "to best promote the orderly administration of justice and insulate convictions from claims of deprivation of fundamental fairness, the right to self-representation is necessarily a qualified right" (*People v Arroyo*, 98 NY2d 101, 103 [2002]; *see People v McIntyre*, 36 NY2d at 16-17). "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d at 17). Here, the defendant did not make an unequivocal request to proceed pro se. Consequently, the trial court did not improvidently exercise its discretion in denying the defendant's request to represent himself (*see People v Littlejohn*, 92 AD3d at 898; *People v Chicherchia*, 86 AD3d 953, 954 [2011]; *People v White*, 60 AD3d 877, 878 [2009]; *People v McClam*, 297 AD2d 514 [2002]).

The defendant contends that the trial court erred in allowing the prosecutor to elicit evidence of the defendant's uncharged criminal behavior. "Evidence of uncharged crimes is inadmissible where its only purpose is to show bad character or propensity towards crime" (*People v Arafet*, 13 NY3d 460, 464-465 [2009]; *see People v Molineux*, 168 NY 264 [1901]; *People v Littlejohn*, 112 AD3d 67 [2013], *lv denied* 22 NY3d 1140 [2014]). "On the other hand, evidence relevant to prove some fact in the case, other than the defendant's criminal propensity, is not

rendered inadmissible simply because it may also reveal that the defendant has committed other crimes" (*People v Allweiss*, 48 NY2d 40, 46-47 [1979]). To determine whether *Molineux* evidence may be admitted in a particular case, the trial court must engage in a two-part inquiry (*see People v Cass*, 18 NY3d 553, 560 [2012]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Allweiss*, 48 NY2d at 46-47). "[F]irst, the proponent of the evidence must identify some material issue, other than the defendant's criminal propensity, to which the evidence is directly relevant; once the requisite showing is made, the trial court must weigh the evidence's probative value against its potential for undue prejudice to the defendant" (*People v Cass*, 18 NY3d at 560 [citation omitted]). Here, the evidence of the defendant's uncharged criminal behavior was relevant to the defendant's intent to sell the heroin that was found in the rear of a vehicle, which vehicle belonged to a prosecution witness and was occupied by that witness and the defendant (*see People v Alvino*, 71 NY2d at 245; *People v Medina*, 56 AD2d 582 [1977]), and was relevant as background information to explain to the jury the relationship between that witness and the defendant (*see People v Dahlbender*, 23 AD3d 493, 494 [2005]; *People v Samlal*, 292 AD2d 400 [2002]; *People v Walker*, 165 AD2d 674 [1990]). Further, the probative value of the evidence outweighed its potential for undue prejudice to the defendant. Thus, the trial court did not improvidently exercise its discretion in admitting evidence of the defendant's uncharged criminal behavior.

The defendant's contention that the trial court erred in not instructing the jury with respect to the limited purpose of the evidence of his uncharged criminal behavior is unpreserved for appellate review because the defendant did not request a limiting instruction or object to the charge as given (*see People v Torres*, 96 AD3d 881, 881-882 [2012]; *People v Willis*, 69 AD3d 966 [2010]; *People v Silverman*, 239 AD2d 445, 446 [1997]). We decline to review the defendant's contention in the exercise of our interest of justice jurisdiction (*see People v McDowell*, 191 AD2d 515 [1993]; *People v Rios*, 183 AD2d 734 [1992]). Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.