■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL J. OWENS, Appellant. [6 NYS3d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 4, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

We agree with the hearing court that the subject firearm was properly seized. The arresting officer testified that he saw, from a distance of "[l]ess than a foot" away, "what looked to be" "two to three inches" of "the butt of a firearm" that was "pulling down" the defendant's rear pants pocket. These observations gave the officer an objective, credible reason to approach the defendant (*see People v Spencer*, 84 NY2d 749, 753 [1995]; *People v Hollman*, 79 NY2d 181 [1992]). Upon seeing the officer, the defendant immediately turned sideways to obscure his rear pants pockets from the officer's view, giving the officer a "founded suspicion that criminal activity [was] afoot," justifying greater intrusion to conduct an inquiry (*People v De Bour*, 40 NY2d 210, 223 [1976]). At that point, when the defendant

lowered his hands in the direction of his waist area, the officer had reason to suspect that he was in danger of physical injury and was authorized to conduct a protective frisk (*see* CPL 140.50 [3]; *People v Hollman*, 79 NY2d at 185; *People v De Bour*, 40 NY2d at 223). Probable cause for the defendant's arrest arose after the officer grabbed the defendant's hands for his own safety and, upon "wrestling" with the defendant, saw that the item in the defendant's back pocket was, in fact, a firearm (*see People v Hollman*, 79 NY2d at 185; *People v De Bour*, 40 NY2d at 223). Thus, the record establishes that the officer's conduct was justified at its inception and reasonably related in scope and intensity to the circumstances of the encounter as it developed (*see People v Moyaho*, 12 AD3d 692, 693 [2004]; *People v Douglas*, 309 AD2d 517 [2003]). Moreover, given the legality of the officer's actions, the defendant's claim that his post-arrest statement to police should be suppressed as the product of an illegal search or seizure is without merit (*cf. Wong Sun v United States*, 371 US 471, 488 [1963]). Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.