■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUAMAR NAHSHAL, Appellant. [45 NYS3d 142]—

Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Brennan, J.), rendered February 4, 2014, revoking a sentence of probation previously imposed by the County Court, Suffolk County (Gazzillo, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a term of imprisonment upon his previous convictions of attempt to evade or defeat taxes on ten thousand cigarettes or more and unlawful possession or transportation for the purpose of sale of unstamped cigarettes.

Ordered that the amended judgment is affirmed.

As an initial matter, contrary to the People's contention, the defendant's written waiver of the right to appeal was not valid (*see People v Keiser*, 100 AD3d 927, 928 [2012]). The record does not demonstrate that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Harris*, 142 AD3d 557, 557 [2016]; *People v Guarchaj*, 122 AD3d 878, 879 [2014]). Notwithstanding the defendant's execution of the written waiver, it cannot be said that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Bradshaw*, 18 NY3d at 267; *People v Brown*, 122 AD3d 133, 139 [2014]).

The defendant contends that the Supreme Court erred in denying his application to proceed pro se. "A criminal defendant has a constitutional right to self-representation" (*People v Littlejohn*, 92 AD3d 898, 898 [2012]; *see Faretta v California*, 422 US 806, 807 [1975]; *Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 384-385 [2011]; *People v McIntyre*, 36 NY2d 10, 15 [1974]). But, "to best promote the orderly administration of justice and insulate convictions from claims of deprivation of fundamental fairness, the right to self-representation is necessarily a qualified right" (*People v Arroyo*, 98 NY2d 101, 103 [2002]; *see People v McIntyre*, 36 NY2d at 16-17; *People v Rivera*, 116 AD3d 986, 986 [2014]). "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d at 17).

Here, the defendant's request to proceed pro se was neither timely nor unequivocal (*see Matter of Kathleen K. [Steven K.]*, 17 NY3d at 387; *People v LaValle*, 3 NY3d 88, 106 [2004]; *People v Baxter*, 102 AD3d 805, 805 [2013]; *People v White*, 60 AD3d

877, 878 [2009]; *People v Jenkins*, 45 AD3d 864, 864-865 [2007]; *People v Carter*, 299 AD2d 418, 419 [2002]; *cf. People v Lewis*, 114 AD3d 402, 404 [2014]). Under the circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request to represent himself (*see People v Rivera*, 116 AD3d at 986; *People v Littlejohn*, 92 AD3d at 898).

The defendant's contention that the Supreme Court's sentence impermissibly penalized him for exercising his right to a violation of probation hearing is unpreserved for appellate review since he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Busano*, 141 AD3d 538, 542 [2016]). In any event, the fact that the sentence imposed after the hearing was more severe than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a hearing (*see People v Pena*, 50 NY2d 400, 412 [1980]; *People v Sahadeo*, 140 AD3d 1093, 1094 [2016]; *People v Arnold*, 139 AD3d 748, 750 [2016]). Under the circumstances, the defendant's contention that the court's sentence impermissibly penalized him for exercising his right to a hearing is without merit (*see People v Pena*, 50 NY2d at 412; *see also People v Rivera*, 130 AD3d 655, 656 [2015]; *cf. People v Cato*, 5 AD3d 394, 394 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Roman, Cohen and Miller, JJ., concur.