People v Gregory (2018 NY Slip Op 05332)





People v Gregory


2018 NY Slip Op 05332


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2010-01856
 (Ind. No. 2879/05)

[*1]The People of the State of New York, respondent,
v
Kendel R. Gregory, appellant.


Paul Skip Laisure, New York, NY (Barry Stendig of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Anastasia Spanakos, Christine DiSalvo, and John F. Goldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered January 27, 2010, convicting him of burglary in the second degree (three counts), attempted burglary in the second degree, criminal possession of stolen property in the fifth degree (two counts), and petit larceny (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joel L. Blumenfeld, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the hearing court's determination denying suppression of a knapsack which was recovered by the police that contained electronic equipment. A police officer testified at the suppression hearing that he and two other officers were investigating a pattern of at least 25 burglaries that had recently occurred between 3:00 a.m. and 5:00 a.m. in the area of 200th Street and 113th Avenue in Queens. While in that area, at that time of night, the police officer observed the defendant place a glass bottle on the sidewalk and walk away from it into a backyard. The officers attempted to approach the defendant, but he fled through another backyard. The officers pursued the defendant. During the course of this chase, the defendant discarded a knapsack containing electronic equipment, which the officers recovered. The officers also recovered the glass bottle, which contained money.
The defendant's actions, combined with the fact that the police officers were [*2]investigating a pattern of at least 25 burglaries that had occurred recently at that location at approximately that time of night, provided the police officers with reasonable suspicion that the defendant had committed a crime, such that their pursuit was justified by the defendant's flight and trespass (see People v Leung, 68 NY2d 734, 736; People v Stephens, 47 AD3d 586, 589). By abandoning the knapsack, the defendant engaged in an independent act involving a calculated risk that it would be retrieved (see People v Coleman, 125 AD3d 879, 880; People v Santiago, 206 AD2d 492, 493). Because the officers had reasonable suspicion to pursue the defendant, the defendant's abandonment of the knapsack was not precipitated by any illegal police conduct. Accordingly, we agree with the hearing court's determination declining to suppress the knapsack and its contents (see People v Buie, 89 AD3d 748, 749).
Contrary to the defendant's contention, the police officers had probable cause to arrest him (see generally People v Sahadeo, 140 AD3d 1093). Moreover, we agree with the hearing court's determination declining to suppress the defendant's post-arrest statements to law enforcement officials, because the statements were not the product of an illegal search or seizure (see People v Owens, 127 AD3d 788).
The defendant also contends that the trial court erred in denying his application to proceed pro se. "A criminal defendant has a constitutional right to self-representation" (People v Littlejohn, 92 AD3d 898, 898; see Faretta v California, 422 US 806, 814; People v McIntyre, 36 NY2d 10, 14-15). But, "to best promote the orderly administration of justice and insulate convictions from claims of deprivation of fundamental fairness, the right to self-representation is necessarily a qualified right" (People v Arroyo, 98 NY2d 101, 103; see People v McIntyre, 36 NY2d at 16-17). "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d at 17).
Here, the defendant did not make an unequivocal request to proceed pro se. Moreover, he was unable to knowingly, voluntarily, and intelligently waive his right to counsel and proceed pro se due to his insistence that the Uniform Commercial Code governed the criminal proceeding and his unwillingness to engage with the trial court or communicate effectively with defense counsel (see United States v Pryor, 842 F3d 441 [6th Cir]; cf. People v Stone, 22 NY3d 520). Consequently, the trial court did not improvidently exercise its discretion in denying the defendant's request to represent himself (see People v Littlejohn, 92 AD3d at 898).
The defendant's contention, raised in his pro se supplemental brief, that certain physical evidence that was found on his person should have been suppressed is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court