People v Porter (2024 NY Slip Op 01823)

People v Porter

2024 NY Slip Op 01823

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-02895
2024-02196

[*1]The People of the State of New York, respondent,
v
Marlon Porter, appellant. (Ind. Nos. 35/16, 234/16)

Matthew W. Brissenden, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an amended judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered March 24, 2021, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender for criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree under Indictment No. 35/16, and (2) an amended judgment of the same court, also rendered March 24, 2021, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender for criminal possession of a weapon in the second degree, criminal possession of a firearm, and criminal possession of a weapon in the fourth degree under Indictment No. 234/16.
ORDERED that the amended judgments are affirmed.
A court may not revoke a sentence of probation without finding that the defendant violated a condition of the sentence and affording the defendant an opportunity to be heard (see CPL 410.70[1]). The statutory requirements may be satisfied either by conducting a revocation hearing pursuant to CPL 410.70(3) (see People v Lora, 162 AD2d 719) or through an admission by the defendant of the violation, coupled with a proper waiver of the defendant's right to a hearing (see People v McDevitt, 97 AD3d 1039, 1040).
The defendant's contention that the procedure surrounding his admission to a violation of conditions of a previously imposed sentence of probation rendered the admission invalid is unpreserved for appellate review (see People v Williams, 27 NY3d 212; People v Mestric, 173 AD3d 1218, 1219; People v Nahshal, 146 AD3d 817), and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]; People v Mestric, 173 AD3d 1218; People v Hazel, 145 AD3d 797).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court